IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DAVID HINTON and
CLAUDETTE HINTON,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 2:11cv240

WELLS FARGO BANK, NA,
and
SAMUEL I. WHITE, P.C.

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on a Motion to Dismiss by Defendants, Wells Fargo Bank, NA. ("Wells Fargo") and Samuel I. White P.C. (collectively "Defendants"), as well as a Motion to Remand by Plaintiffs. For the reasons stated herein, this case is **REMANDED** to the Circuit Court for the City of Norfolk, Virginia because this Court lacks subject matter jurisdiction. Accordingly, Defendants' Motion to Dismiss is **MOOT**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 8, 2011, David Hinton and Claudette Hinton ("Plaintiffs") filed a Bill of Complaint and Emergency Petition for Preliminary Injunction against Defendants Wells Fargo and Samuel I. White, P.C. in Circuit Court for the City of Norfolk, Virginia requesting damages in the amount of $74,500.00 and injunctive relief to stop Defendants from instituting foreclosure proceedings on their property in Norfolk, Virginia. Specifically, Plaintiffs allege the following:

1) Wells Fargo breached a contract to modify Plaintiff's mortgage (Compl. ¶¶ 33-44); 2) Wells Fargo negligently processed their mortgage modification application (Compl. ¶¶ 45-52); 3) Wells Fargo should be estopped from claiming there was no contract (Compl. ¶¶ 52-56); 4) Wells Fargo's actions violate the Virginia Consumer Protection Act (Compl. ¶¶ 57-63) and 5) Samuel I. White, as substitute trustee for Wells Fargo, breached the contract to modify Plaintiffs' mortgage (Compl. ¶¶ 64-65).

On April 29, 2011, Defendants removed the action to this Court, citing federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as grounds for removal. Notice of Removal at 1. On April 29, 2011, Defendants filed a Motion to Dismiss alleging, *inter alia*, that Plaintiffs lack standing for claims involving the Home Affordable Modification Program ("HAMP"). Plaintiffs filed a Motion to Remand this action to the Circuit Court for the City of Norfolk on June 16, 2011; and Defendants filed a Memorandum in Opposition on June 30, 2011. The Court has dispensed with oral argument on these issues because they have been adequately briefed and further argument would not aid the Court's adjudication. Accordingly, this matter is now ripe for judicial determination.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(h)(3) provides for the dismissal of an action at any time where the Court determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Unless a matter involves an area over which federal courts have exclusive jurisdiction, a federal district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of

2

interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Under the jurisdictional grant of 28 U.S.C. § 1331, a case unequivocally "arises under" federal law where federal law creates the cause of action. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). However, a case may also "arise under" federal law where "the vindication of a right under state law necessarily turn[s] on some construction of federal law," *id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)), but "only [if] ... the plaintiff's right to relief necessarily depends on a *substantial* question of federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983)); *accord Morgan Cnty. War Mem'l Hosp. v. Baker*, 314 Fed.Appx. 529, 533 (4th Cir. 2008). Thus, in determining whether to grant federal question jurisdiction for a state law claim, courts must ask whether the "state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon*, 369 F.3d at 816.

## III. DISCUSSION

Defendants argue that Plaintiffs have asserted claims arising under the Home Affordable Modification Program ("HAMP") that are simply disguised as state law claims. In support of this assertion, Defendants cite *Bourdelais v. J.P. Morgan Chase Bank, N.A.*, No. 3:10cv670, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. Apr. 1, 2011) for the proposition that a breach of contract claim that is not wholly independent of HAMP qualifies as an attempt to assert a private right of action under HAMP. Here, Plaintiffs have similarly alleged a breach of contract claim relating to a HAMP application; however, this case is distinguishable from the allegations in *Bordelais*. In *Bordelais*, the plaintiff alleged that Defendant breached her Trial Period Plan ("TPP") Agreement by failing to offer her a permanent loan modification. Essentially, the TPP Agreement memorializes a three month trial period whereby the borrower provides additional documentation and makes timely payments to the bank. If the terms of the agreement are met, the borrow proceeds to the final step of process where he or she is offered a permanent loan modification. In *Bordelais*, the plaintiff alleged breach of contract on the ground that she fulfilled all of the requirements of the TPP Agreement but was never offered a permanent loan modification. In this case, Plaintiffs allege breach of contract based on Wells Fargo's active solicitation which, Plaintiffs allege, constituted an irrevocable offer to modify the loan as long as Plaintiffs filled out the appropriate application and submitted the required documents.

In reviewing the Complaint, the Court finds that none of Plaintiffs' allegations "turn on some construction of federal law." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Plaintiffs allege breach of contract, negligence and violation of a Virginia state law against Defendants. Contrary to *Bordelais*, where the plaintiff sued to enforce an agreement that

4

was part of the HAMP process, Plaintiffs' breach of contract claim in this case rests on the question of whether Wells Fargo's solicitations constituted an irrevocable offer. Similarly, Plaintiffs' negligence claim does not turn on an interpretation of HAMP regulations, but rather a question of whether the bank exercised due care in processing the modification application itself, irrespective of the context for the application. For these reasons, the Court finds that it need not interpret or apply HAMP in order to evaluate the merits of these common law claims. Given the Court's finding that Plaintiffs' alleged causes of action do not turn on HAMP, the Court concludes that it has no subject matter jurisdiction over this matter on the grounds of federal question jurisdiction. Therefore, Plaintiffs' Motion to Remand is **GRANTED**.

Additionally, Plaintiffs have requested attorney's fees in the amount of $4,500.00 for pursuing the Motion to Remand after Defendants' removal of the case to this Court. Title 28 U.S.C. § 1447(c) provides the courts leave to award costs and attorney's fees that incur as a result of removal. The Supreme Court of the United States has outlined parameters for the courts' discretion stating, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the moving party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants removed the case under federal question jurisdiction because the background of Plaintiffs' claims referred to a federal statute (i.e., HAMP). While the Court concludes that Plaintiffs' HAMP references do not impact the questions of law necessary to resolve Plaintiffs' claims, the Court does not believe that Defendants' removal lacked objective reasonableness. In light of these facts and Plaintiffs' failure to dispute the reasonableness of Defendants' removal argument, Plaintiffs' request for attorney's fees is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction. This matter is hereby **REMANDED** to the Circuit Court for the City of Norfolk, Virginia and Defendants' Motion to Dismiss is now **MOOT**. Plaintiffs' motion for attorney's fees is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 16, 2011